IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACIE LEE WALTER, Individually and On Behalf of All Others Similarly Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>BSP MARKETING, LP; BSP DISTRIBUTION, LLC; ANTHONY DIMICELI, SAMMY J. DIMICELI and SAMMY DIMICELI, JR.,<br><br>    *Defendants.* | C.A. NO._____<br><br>**JURY TRIAL DEMANDED** |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff TRACIE LEE WALTER (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid wages and unpaid overtime wages from Defendants BSP MARKETING, LP; BSP DISTRIBUTION, LLC; ANTHONY DIMICELI; SAMMY J. DIMICELI and SAMMY DIMICELI, JR. (collectively referred to as "Defendants").

**I. NATURE OF SUIT**

1.  The Fair Labor Standards Act ("FLSA"), is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a) and 211(c).

2. Defendants violated the FLSA by failing to pay their employees at a rate at or above the minimum wage.

3. Defendants further violated the FLSA by failing to pay nonexempt employees at one and one half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

4. Defendants further violated the FLSA by making illegal deductions from their employees' pay.

5. Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of herself and all other similarly situated employees in order to recover unpaid wages and unpaid overtime wages.

## II. JURISDICTION AND VENUE

6. Plaintiff's claim arises under the FLSA. 29 U.S.C. § 201, *et seq.* Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b, c) because a substantial part of the events or omissions giving rise to the claim occurred in this district and/or Defendants regularly conduct business in this district.

## III. THE PARTIES

8. Plaintiff TRACIE LEE WALTER is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing her duties, Walter was engaged in commerce or in the production of goods for commerce. Walter was not paid at a rate at or above the minimum wage. Additionally, Walter regularly worked in excess of forty (40) hours per week. However,

Walter did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

9. Defendant BSP MARKETING, LP is a Texas limited partnership which may be served with process by serving its registered agent, Sammy J. Dimiceli, at 10702 Cash Rd., Stafford, Texas 77477 or wherever he may be found.

10. Defendant BSP DISTRIBUTION, LLC is a Texas limited liability company which may be served with process by serving its registered agent, Sammy J. Dimiceli, at 10702 Cash Rd., Stafford, Texas 77477 or wherever he may be found.

11. Defendant ANTHONY DIMICELI is an individual who may be served with process at 10702 Cash Rd., Stafford, Texas 77477 or wherever he may be found.

12. Defendant SAMMY J. DIMICELI is an individual who may be served with process at 10702 Cash Rd., Stafford, Texas 77477 or wherever he may be found.

13. Defendant SAMMY DIMICELI, JR. is an individual who may be served with process at 10702 Cash Rd., Stafford, Texas 77477 or wherever he may be found.

14. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

15. Defendants are in the business of providing merchandise and service to the grocery industry throughout the Houston metropolitan area.

16. From approximately December 2007 through September 2009, Walter was employed by Defendants as a delivery driver.

17. Delivery drivers, including Walter, are responsible for delivering merchandise to grocers in the Houston area.

18. Defendants pay delivery drivers, including Walter, a fixed sum of money regardless of the number of hours worked.

19. The amount of money paid to delivery drivers, including Walter, is not enough to compensate them at a rate at or above the minimum wage.

20. Additionally, Defendants require delivery drivers and other hourly employees, including Walter, to perform work for which they were not compensated.

21. Delivery drivers regularly work in excess of forty (40) hours per week. However, Defendants do not pay delivery drivers, including Walter, overtime wages as required by the FLSA because Defendants misclassified delivery drivers as exempt from the overtime requirements of the FLSA.

22. Instead of paying delivery drivers and other hourly employees overtime for all hours worked over forty (40) in any seven (7) day period, Defendants pay delivery drivers and other hourly employees, including Walter, a fixed sum regardless of the number of hours worked.

23. Furthermore, Defendants make illegal deductions (including deductions for the use of Defendants' delivery vans) from the pay of delivery drivers and other hourly employees, including Walter.

24. On information and belief, these same illegal pay practices are applied to all employees of Defendants who are compensated in the same or similar manner to that of Plaintiff.

## V.  PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.     Defendants Failed to Properly Compensate Plaintiff At the Minimum Wage and At the Rate of Time and One Half for All Overtime Hours.**

25.     On information and belief, Plaintiff was entitled to be paid at rate at or above the minimum wage.  *See* 29 U.S.C. § 206(a).

26.     On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

27.     As a nonexempt employee, Plaintiff was legally entitled to be paid at one and one half times her "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  *See* 29 U.S.C. § 207(a).

28.     Defendants failed to pay Plaintiff at a rate at or above the minimum wage and for all hours worked in excess of forty (40) at one and one half times her regular rate.

29.     Instead, Defendants compensated Plaintiff with a fixed sum of money which did not take into consideration the number of hours actually worked during each seven (7) day workweek and required Plaintiff to work without pay.

30.     Furthermore, Defendants made illegal deductions from Plaintiff's pay, including deductions for the use of Defendants' delivery vans.

31.     As a result, Plaintiff was regularly "shorted" on her paychecks by not being paid at a rate at or above the minimum wage and at a rate of time and a half for hours worked in excess of forty (40) and because Defendants made illegal deductions.

32.     In the event that Defendants classified Plaintiff as exempt from overtime, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiff full overtime wages for hours worked in

excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

33. Rather, Defendants knowingly, willfully, and with reckless disregard, carried out their illegal patterns and practices of failing to pay Plaintiff proper wages and proper overtime wages and making illegal deductions.

**B.    Defendants Failed to Keep Accurate Records of Time Worked.**

34. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

35. In addition to the pay violations of the FLSA identified *supra*, Defendants also failed to keep proper time records as required by the FLSA.

**C.    Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

36. The illegal patterns or practices on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

37. No exemption excuses Defendants for failing to pay Plaintiff at a rate at or above the minimum wage and at her proper overtime rate of time and a half for all hours worked in excess of forty (40).

38. Defendants have not made a good faith effort to comply with the FLSA.

39. Rather, Defendants knowingly, willfully and with reckless disregard carried out illegal patterns or practices regarding the payment of wages and overtime wages to Plaintiff.

**VI.  COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

41. On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified *supra* in violation of the FLSA.

42. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied payment at a rate at or above the minimum wage and overtime compensation at a rate of time and a half for hours worked in excess of forty (40).

43. Defendants' patterns or practices of failing to pay its employees the minimum wage and overtime compensation and making illegal deductions are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

44. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

45. All employees of Defendants, regardless of their rate of pay, who were not paid at a rate at or above the minimum wage or at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former delivery drivers or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) were not paid at a rate at or above the minimum wage; (3) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and/or (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40).

46. Plaintiff has retained counsel well versed in FLSA collective action litigation and is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

7

### VII. CAUSE OF ACTION – FAILUE TO PAY WAGES

47.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

48.     Defendants' practices of failing to pay the minimum wage and failing to pay overtime compensation to nonexempt employees and making illegal deductions are in direct violation of the FLSA.  29 U.S.C. § 207(a).

49.     Defendants violated the FLSA by failing to pay Plaintiff her full and proper compensation.

50.     Plaintiff is entitled to payment at the minimum wage.

51.     Plaintiff is entitled to payment for all hours worked in excess of forty (40) in an amount that is one and one half times her regular rate of pay.

52.     Plaintiff is entitled to liquidated damages in an amount equal to the difference between Plaintiff's rate of pay and the minimum wage as a result of Defendants' failure to comply with the FLSA.

53.     Plaintiff is entitled to liquidated damages in an amount equal to one and one half times all hours worked in excess of forty (40) as a result of Defendants' failure to comply with the guidelines of the FLSA.

### VIII. REQUEST FOR PRELIMINARY INJUNCTION – SPOLIATION OF EVIDENCE

54.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

55.     Plaintiff and all other potential Members of the Class will suffer irreparable harm if Defendants are not enjoined from this moment and during the pendency of this lawsuit from destroying any records which are in any way related to the above described matters, including

any correspondence between Defendants, Plaintiff and Members of the Class and any records required to be maintained by the FLSA.

56. There is substantial likelihood that Plaintiff will prevail at trial on the merits.

57. The harm that will result is irreparable to Plaintiff because Plaintiff will not be able to replicate the destroyed evidence.

58. Plaintiff has no adequate remedy at law if Defendants destroy any records.

## IX.  JURY REQUEST

59. Plaintiff requests a trial by jury.

## X.  PRAYER

60. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

   c. Declare Defendants' violations of the FLSA to be willful;

   d. Award Plaintiff and all those similarly situated damages for the amount of unpaid wages and unpaid wages compensation, subject to proof at trial;

   e. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

   f. Enter an injunction restraining Defendants from destroying any records;

   g. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

   h. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   i. Award pre-judgment and post-judgment interest as allowed by law;

j.   Award costs of court and costs of prosecuting Plaintiff's claim; and

k.   Award such other and further relief to which Plaintiff may be justly entitled.

                Respectfully submitted,

                **MOORE & ASSOCIATES**

By:  /s/ *Melissa A. Moore*
     Melissa Ann Moore
     State Bar No. 24013189
     Federal Id. No. 25122
     Curt Hesse
     State Bar No. 24065414
     Federal Id. No. 968465
     LYRIC CENTRE
     440 Louisiana Street, Suite 710
     Houston, Texas 77002
     Telephone: (713) 222-6775
     Facsimile: (713) 222-6739

     **ATTORNEYS FOR PLAINTIFF**

## NOTICE OF ELECTRONIC FILING

    I do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing document in accordance with the Electronic Filing System of the U.S. District Court for the Southern District of Texas, on this the 20th day of January 2010.

                /s/ *Melissa A. Moore*
                Melissa Ann Moore