IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACIE LEE WALTER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | C.A. NO. 4:10-cv-00179 |
| v. | § § | |
| BSP MARKETING, LP; BSP DISTRIBUTION, LLC; ANTHONY DIMICELI, SAMMY J. DIMICELI and SAMMY DIMICELI, JR., | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

### PLAINTIFF TRACIE LEE WALTER'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Tracie Lee Walter (referred to as "Plaintiff"), individually and on behalf of all others similarly situated current and former employees of BSP Marketing, LP; BSP Distribution, LLC; Anthony DiMiceli; Sammy J. DiMiceli and Sammy DiMiceli, Jr. (collectively referred to as "Defendants"), and files this Response and Opposition to Defendants' Motion for Reconsideration. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
#### NATURE AND STAGE OF PROCEEDING

On January 20, 2010, Plaintiff Tracie Lee Walter filed a putative collective action lawsuit under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA")

1

alleging that Defendants BSP Marketing, LP; BSP Distribution, LLC; Anthony DiMiceli; Sammy J. DiMiceli and Sammy DiMiceli, Jr. failed to pay her overtime wages as required by law. On November 17, 2010 Plaintiff filed a Motion for Class Certification and Expedited Discovery requesting the Court certify this matter as a collective action pursuant to 29 U.S.C. §216(b). (Docket Entry No. 30).

Through a Joint Stipulation, the parties agreed to extend Defendants' time to respond to Plaintiff's Motion for Class Certification and Expedited Discovery until December 22, 2010. (Docket Entry No. 32). Following, Defendants' timely response, the Court properly granted Plaintiff's for Class Certification and Expedited Discovery. (Docket Entry 35).

Defendants have yet to produce all information as set out in the Court's Order; however, Defendants filed a Motion for Reconsideration requesting that the Court reconsider its ruling in connection with Plaintiff's for Class Certification and Expedited Discovery. (Docket Entry 36).

## II.

### ISSUE TO BE RULED UPON BY THE COURT

Whether the Court properly granted Plaintiff's Motion for Class Certification and Expedited Discovery.

## III.

### SUMMARY OF THE ARGUMENT

This Court properly granted Plaintiff Motion for Class Certification and Expedited Discovery. Further, Defendants have failed to present any new evidence, an intervening change in the controlling law, or identify an error in the Court's ruling that necessitates its Motion to Reconsider. As such, Defendants' Motion to Reconsider should be denied.

## IV.
### ARGUMENTS AND AUTHORITIES[1]

**A.  Defendants Failed to Identify Any Grounds to Warrant a Reconsideration.**

Within its motion, Defendants correctly outlined the appropriate grounds warranting a motion to reconsider: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, Defendants failed to identify any appropriate grounds to establish grounds for its request for the Court to reconsider the order properly granting Plaintiff's Motion for Class Certification and Expedited Discovery. (Docket Entry 35). Rather, Defendants presume that the Court must have somehow not considered Defendants' Response and Opposition due to the Court's efficiency in ruling on Plaintiff's Motion for Class Certification. Accordingly, Defendants' Motion for Reconsideration should be denied.

---

[1] In lieu of reciting Plaintiff's previous arguments and authorities supporting the issuance of a collective action, Plaintiff incorporates by reference her original Motion for Class Certification and Expedited Discovery. (Docket Entry No. 30).

**B.     The Court's Order Properly Ordered that All Salesmen, Delivery Drivers, and Merchandisers Receive the Court Approved Notice.**

Throughout the discovery of this case, the facts illustrate that while Defendants continually refer to Plaintiff's position as "salesman", Plaintiff spent the overwhelming majority of her time loading, stocking and delivering merchandise to grocers, and she did little—if any—selling.  Therefore, the terms "salesman" and "delivery driver" and "merchandiser" were used interchangeably throughout Plaintiff's Motion for Class Certification and Expedited Discovery.  (Docket Entry No. 30).  However, Plaintiff is willing to stipulate that the Court approved notice only be sent to all individuals employed by Defendants in the position of "salesman" for the three (3) years immediately preceding the entry of the Court's Order through the present.

## V.
### CONCLUSION

For the foregoing reasons, the Court should deny Motion for Reconsideration requesting that the Court reconsider its ruling in connection with Plaintiff's for Class Certification and Expedited Discovery.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
Melissa Ann Moore
Federal Id. No. 25122
State Bar No. 24013189
Curt Hesse
Federal Id. No. 968465
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all counsel of record on the 18th day of January 2011 via the Court's CM/ECF system.

/s/ Melissa A. Moore
Melissa Ann Moore